The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTHA MALATH, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>LATRELLE'S EXPRESS INC., a Texas Corporation; LATRELLE'S MANAGEMENT CORP., a Texas Corporation; WENDY'S INTERNATIONAL, INC., an Ohio Corporation,<br><br>    Defendants. | No. 2:11-cv-1925<br><br>ANSWER TO COMPLAINT FOR DAMAGES AND JURY DEMAND |

Defendants LaTrelle's Express, Inc. and LaTrelle's Management Corporation (collectively "LaTrelle's" or "Defendants") answer Plaintiff's Complaint as follows. To the extent that any allegation in Plaintiff's Complaint is not specifically admitted, it is denied. For convenience, Plaintiff's allegations are incorporated herein, with Defendants' answer immediately following.

**I. PARTIES, JURISDICTION, AND VENUE**

1.  ALLEGATION: Plaintiff Martha Malath resides in Seattle, Washington. She is, and was at all times material to this action, a resident of King County, Washington.

**ANSWER: Defendants are without sufficient information or knowledge regarding the residence of Plaintiff and, on that basis, deny same.**

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 1

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

2. **ALLEGATION**: Defendant LaTrelle's Express Inc. is a Texas corporation doing business under a franchise agreement in King County, Washington.

**ANSWER: Defendants admit the allegations in Paragraph 2.**

3. **ALLEGATION**: Defendant LaTrelle's Management Corporation is a Texas corporation doing business in King County, Washington through LaTrelle's Express Inc., responsible in whole or in part for stopping race discrimination at its subsidiary's restaurant locations.

**ANSWER: Defendants deny the allegations in Paragraph 3.  Defendants aver that LaTrelle's Management Corporation is a separate legal entity from LaTrelle's Express, Inc.**

4. **ALLEGATION**: Wendy's International, Inc. is an Ohio corporation doing business in King County, Washington, responsible in whole or in part for stopping race discrimination at its franchises.

**ANSWER: Defendants are without sufficient information or knowledge regarding the allegations in Paragraph 4 and, on that basis, deny same.  Defendants aver that LaTrelle's and Wendy's are separate legal entities.**

5. **ALLEGATION**: Federal jurisdiction is based on the existence of federal question under 28 U.S.C. § 1331.

**ANSWER: Defendants admit the allegations in Paragraph 5.**

## II. FACTUAL ALLEGATIONS

6. **ALLEGATION**: Plaintiff is Female, African, and a refugee of Sudan.

**ANSWER: Defendants are without sufficient information or knowledge regarding Plaintiff's race, ethnicity, national origin, or refugee status and on that basis, deny same.  Defendants admit that Plaintiff is female.  Defendants admit that Plaintiff has self-identified herself as African.**

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 2

7.      ALLEGATION:  LaTrelle's Management Corporation and LaTrelle's Express Inc. (collectively "LaTrelle's") are sole or joint employers of employees within the Sea-Tac Wendy's.

**ANSWER:  Defendants admit that LaTrelle's Express, Inc. was Plaintiff's employer.  Defendants deny all remaining allegations in Paragraph 7 not specifically admitted.**

8.      ALLEGATION:  Wendy's International Inc. ("Wendy's") is a joint employer of employees within the Sea-Tac Wendy's, where Wendy's has retained for itself sufficient control of the terms and conditions of employment through its franchise agreement with LaTrelle's.

**ANSWER:  Defendants are without sufficient information or knowledge regarding the allegations in Paragraph 8 and, on that basis, deny same.  Defendants aver that LaTrelle's and Wendy's are separate legal entities.**

9.      ALLEGATION:  Defendants employed Plaintiff on December 19, 2008, in the Sea-Tac Wendy's as a member of the restaurant staff.

**ANSWER:  Defendants admit that Plaintiff was employed by Latrelle's Express, Inc., from December 19, 2008 to October 21, 2011, as a crew member at the Sea-Tac Wendy's restaurant. Defendants deny all remaining allegations in Paragraph 9 not specifically admitted.**

10.     ALLEGATION:  Throughout her employment, Plaintiff was subjected to racial slurs and disparate treatment by employees and manager of different races and national origins than her own.

**ANSWER:  Defendants deny the allegations in Paragraph 10.**

11.     ALLEGATION:  African employees were expected by management to perform menial tasks with more frequency than non-African employees.

**ANSWER:  Defendants deny the allegations in Paragraph 11.**

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 3

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

12. <u>ALLEGATION</u>:  For example, management expected African employees to work with corrosive cleaning agents and chemicals before employees of other races or national origins.

<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 12.

13. <u>ALLEGATION</u>:  Around mid-April of 2011, General Manager Mr. Osiel Lazo, required African employees to wear hair nets while expressing his disgust for African hair. Employees of other races or national origins were not required to wear hair nets.

**<u>ANSWER</u>:  Defendants admit that in Spring 2011 Operations Manager, Osiel Lazo, asked Plaintiff to wear a hair net, consistent with company policy and state health codes.  Defendants admit that other employees with properly restrained hair, in accordance with company policy and state health codes, were not asked to wear hair nets. Defendants deny the remaining allegations in Paragraph 13 not specifically admitted.**

14. <u>ALLEGATION</u>:  Around the same time, Mr. Lazo made sniffing gestures in close proximity to an African employee, stating ''you stink," after the employee had raised a concern about an abnormal smell corning from a nearby oven.

<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 14.

15. <u>ALLEGATION</u>:  Defendants paid Plaintiff less than employees of different race or national origin and similar tenure. In July of 2010, Plaintiff asked Mr. Lazo for a raise, but he ultimately refused stating that paying her a raise would be "too much for you."

<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 15.

16. <u>ALLEGATION</u>:  Plaintiff never received a raise in pay.

**<u>ANSWER</u>:  Defendants admit that Plaintiff's pay remained $9.00 per hour throughout her employment due, in part, to her poor performance.**

17. <u>ALLEGATION</u>:  On September 12, 2010, Plaintiff complained to General Manager Mr. Kurt Cade about the frequent and offensive use of the term "nigger" by other employees.

<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 17.

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 4

18. <u>ALLEGATION</u>: On or around the beginning of November 2010, in Plaintiffs presence and the presence of other witnesses, Assistant Manager Gupreet Kaur uttered a phrase to another employee, Mr. Safvan Patel, stating something to the effect of "quit acting like a stupid black person" or "why are you [explicative] acting like [explicative] stupid black people?"

**<u>ANSWER</u>: Defendants admit that in late 2010 Assistant Manager Gupreet Kaur made a comment to Mr. Safvan Patel, who is South Indian, about Mr. Patel's walk. Defendants deny all remaining allegations in Paragraph 18 not specifically admitted.**

19. <u>ALLEGATION</u>: Plaintiff immediately objected to the use of this racially charged language.

**<u>ANSWER</u>: Defendants deny that Ms. Kaur's statement regarding Mr. Patel's walk contained racially charged language. Defendants admit that Plaintiff objected to Ms. Kaur's statement. Defendants deny all remaining allegations in Paragraph 19 not specifically admitted.**

20. <u>ALLEGATION</u>: Ms. Kaur denied that the derogatory language had been directed towards Plaintiff.

**<u>ANSWER</u>: Defendants deny that Ms. Kaur's statement contained derogatory language. Defendants admit that the statement was not directed towards Plaintiff. Defendants deny the remaining allegations in Paragraph 20 not specifically admitted.**

21. <u>ALLEGATION</u>: Several weeks later, Plaintiff again overheard essentially the same "stupid black person" phrase when Ms. Kaur was speaking with a different employee.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 21.**

22. <u>ALLEGATION</u>: On November 15th Plaintiff submitted a complaint to Defendants' office of human resources objecting to the desperate treatment of African employees and use of racial slurs in the workplace.

**<u>ANSWER</u>: Defendants admit that in November 2010 Plaintiff submitted a letter to Latrelle's Express, Inc.'s human resources department complaining about race**

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 5

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**discrimination. Defendants admit that this letter speaks for itself and deny any allegations inconsistent with same.**

23. <u>ALLEGATION</u>: Thereafter, Human Resources Director Stephanie Van Lue informed Plaintiff that the matter had been investigated and resolved.

**<u>ANSWER</u>: Defendants deny the allegations of Paragraph 23.**

24. <u>ALLEGATION</u>: On December 27, 2010, Plaintiff submitted a charge of discrimination with the Washington State Human Rights Commission and the Equal Employment Opportunity Commission (the "EEOC"), of which a true and correct copy is attached hereto as Exhibit A.

**<u>ANSWER</u>: Defendants admit that Plaintiff's agency charge speaks for itself and deny any allegations inconsistent with same.**

25. <u>ALLEGATION</u>: Around the same time, after the EEOC charge was filed, Mr. Lazo called Mr. Patel to the back of the restaurant and threatened him, stating that if Mr. Patel spoke about the "stupid black person" incident with anyone, specifically including Plaintiff or Ms. Kaur, Patel would lose his job.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 25.**

26. <u>ALLEGATION</u>: Mr. Lazo issued this ultimatum in a physically threatening manner, using a raised voice, shouting at Mr. Patel, despite Mr. Patel's objections that he had nothing to do with Plaintiffs complaints of racism or discrimination.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 26.**

27. <u>ALLEGATION</u>: On or around April of 2011, Plaintiff complained to Mr. Lazo because he only required Plaintiff and other African employees to wear hair nets. When Plaintiff attempted to leave Mr. Lazo's office, he held the door closed, physically prevented her from leaving, informed her that he had a problem with her and threatened to terminate her before finally allowing her to exit the room and return to work.

**<u>ANSWER</u>: Defendants deny the allegations in Paragraph 27.**

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 6

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

28. <u>ALLEGATION</u>:  On August 25, 2011, the EEOC issued Plaintiff a right to sue letter, of which a true and correct copy is attached hereto as Exhibit B.

**<u>ANSWER</u>:  Defendants admit that Plaintiff's EEOC right to sue letter speaks for itself and deny any allegations inconsistent with same.**

29. <u>ALLEGATION</u>:  On October 21, 2011, in Mr. Cade's presence, crew member Manjit Kaur began harassing Plaintiff by yelling at her while speaking with profanity.

**<u>ANSWER</u>:  Defendants admit that on October 21, 2011, crew member, Manjit Kaur, gave Plaintiff feedback about the quality of Plaintiff's work.  Defendants admit that instead of addressing Manjit Kaur's concerns, Plaintiff was defensive and raised her voice at Manjit Kaur in the presence of Mr. Cade and other crew members.  Defendants deny all remaining allegations in Paragraph 29 not specifically admitted.**

30. <u>ALLEGATION</u>:  Plaintiff remained silent and did not respond to Ms. Kaur's harassing behavior and use of profanity, inciting Ms. Kaur to use stronger and more offensive profanity.

**<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 30.  Defendants restate and incorporate their answer to the allegations in Paragraph 29.**

31. <u>ALLEGATION</u>:  Mr. Cade took no action to address Ms. Kaur's harassing behavior and use of profanity.

**<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 31. Defendants restate and incorporate their answer to the allegations in Paragraph 29.**

32. <u>ALLEGATION</u>:  Plaintiff complained to Mr. Cade about Ms. Kaur's harassment and his inaction, asking him to address the harassment rather than remain silent.

**<u>ANSWER</u>:  Defendants deny the allegations in Paragraph 32.  Defendants restate and incorporate their answer to the allegations in Paragraph 29.**

33. <u>ALLEGATION</u>:  Mr. Cade abruptly interrupted Plaintiffs complaint, told her to "shut up" and ordered Plaintiff to leave the workplace.

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 7

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

**ANSWER: Defendants deny the allegations in Paragraph 33. Defendants restate and incorporate their answer to the allegations in Paragraph 29. Defendants aver that Mr. Cade asked both Manjit Kaur and Plaintiff to take a ten minute break to cool down from their disagreement. Manjit Kaur agreed, but Plaintiff refused. Defendants aver that Mr. Cade asked Plaintiff multiple times to take a ten minute break and she refused each time. Defendants aver that Mr. Cade then told Plaintiff that if she was going to refuse to follow his direction, she needed to leave the workplace. Plaintiff again refused Mr. Cade's multiple requests, escalating the situation and forcing Mr. Cade to call Sea-Tac police. Plaintiff eventually left the premises on her own accord.**

34. <u>ALLEGATION</u>: Later that evening, Mr. Cade called Plaintiff and informed her that her employment was terminated, stating "I can no longer handle you in my store."

**<u>ANSWER:</u> Defendants admit that on October 21, 2011, Mr. Cade called Plaintiff to terminate her employment for insubordination. Defendants deny the remaining allegations in Paragraph 34 not specifically admitted.**

### III. CAUSES OF ACTION

Plaintiffs reallege and incorporate the allegations above to each of the following:

**<u>ANSWER:</u> Defendants restate, reallege, and incorporate the answers above to each of the following.**

1. <u>ALLEGATION</u>: **Hostile Work Environment in Violation of State & Federal Law.** Defendants created and maintained an intimidating, hostile or offensive working environment, including because of race and/or national origin, in violation of 42 U.S.C. § 1981, et seq., and the Washington Law Against Discrimination, RCW 49.60. As a proximate result of Defendant's discrimination, Plaintiff has been damaged in amounts to be proven at trial.

**<u>ANSWER:</u> Defendants deny the allegations in Paragraph 1.**

2. <u>ALLEGATION</u>: **Wrongful Termination in Violation of State & Federal Law.** Defendant retaliated against Plaintiff because of her opposition to race and/or national origin discrimination by terminating Plaintiff, and taking other retaliatory actions against her.

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 8

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

Defendant's retaliatory actions violated 42 U.S.C. § 1981, et seq., and the Washington Law Against Discrimination, RCW 49.60. As a proximate result of Defendant's retaliation against Plaintiff, she has been damaged in amounts to be proven at trial.

**ANSWER:** Defendants deny the allegations in Paragraph 2.

3.  **ALLEGATION**: **Other Claims.** Plaintiffs reserve the right to conduct discovery into alternative claims and additional defendants and to amend these charges as necessary.

**ANSWER:** **No response is required but to the extent one is required, Defendants deny the allegations in Paragraph 3.**

## IV.  PRAYER FOR RELIEF

**The remaining allegations constitute Plaintiff's prayer for relief and jury demand, to which no response is required.  To the extent any answer is required, Defendants deny that they in any manner acted wrongfully or unlawfully toward Plaintiff and, further, deny that Plaintiff is entitled to any relief under any legal theory whatsoever.**

## V.  JURY DEMAND

**Defendant reiterates and incorporates response to Section IV ("Prayer for Relief"),** *supra*.

## VI.  AFFIRMATIVE AND OTHER DEFENSES

**Defendants assert the following affirmative and other defenses:**

A.  **Any and all conduct of which Plaintiff complains was a just and proper exercise of management discretion or legitimate business reasons on the part of LaTrelle's and its agents and employees, undertaken for fair and honest reasons in good faith, under circumstances then existing.**

B.  **Plaintiff has failed to mitigate damages, if any.**

C.  **LaTrelle's exercised reasonable care to prevent and correct promptly any alleged harassment or discrimination, and Plaintiff unreasonably failed to take advantage**

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 9

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700

of any preventive or corrective opportunities provided by LaTrelle's or to otherwise avoid harm.

   D.   Some or all of Plaintiff's claims fail to state legal claims upon which relief can be granted against some or all Defendants.

   E.   Plaintiff has failed to state facts entitling her to punitive damages.

   F.   Some or all of Plaintiffs' claims are barred by the doctrines of waiver, laches, and estoppel.

   H.   If Plaintiff sustained any damage, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff, or Plaintiff was otherwise at fault.  Plaintiff is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendant therein, or Plaintiff's recovery, if any, should be reduced in proportion to her fault.

   I.   Defendants reserve the right to amend their Answer to state additional affirmative or other defenses as they may become known in discovery.

   DATED this 7th day of December, 2011.

                              Davis Wright Tremaine LLP
                              Attorneys for Latrelle's Express, Inc. and
                              Latrelle's Management Corp.


                              By  /s/ Minh P. Ngo
                              Sheehan Sullivan Weiss
                              WSBA #33189
                              Minh P. Ngo
                              WSBA #36987
                              Suite 2200
                              1201 Third Avenue
                              Seattle, Washington 98101-3045
                              Telephone: (206) 622-3150
                              Fax: (206) 757-7700
                              E-mail: sulls@dwt.com
                              E-mail: minhngo@dwt.com

ANSWER TO COMPLAINT FOR
DAMAGES (2:11-cv-1925) — 10

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen A. Teller:        steve@stellerlaw.com

Gregory Arthur Hitzel: greg@stellerlaw.com

DATED this 7th day of December, 2011.

        Davis Wright Tremaine LLP
        Attorneys for Defendants Latrelle's Express Inc.
        and Latrelle's Management Corp.

By */s/Minh P. Ngo*
    Minh P. Ngo, WSBA #36987
    Suite 2200
    1201 Third Avenue
    Seattle, Washington  98101-3045
    Telephone: (206) 757-8113
    Fax: (206) 757-7700
    E-mail: minhngo@dwt.com

ANSWER TO COMPLAINT FOR DAMAGES (2:11-cv-1925) — 11

Davis Wright Tremaine LLP
LAW OFFICES
Suite 2200 · 1201 Third Avenue
Seattle, Washington 98101-3045
(206) 622-3150 · Fax: (206) 757-7700